IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2025 JUL -2  AM 11: 47
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____CR_____

| | | |
|---|---|---|
| PHAP ANH LE, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:25-cv-870-ADA-SH |
| MIDLAND CREDIT | § | |
| MANAGEMENT, INC., | § | |
|     **Defendant.** | § | |

# PLAINTIFF'S MOTION FOR SANCTIONS AND RECOVERY OF EXPENSES

Plaintiff, Phap Anh Le ("Plaintiff"), appearing pro se, respectfully moves the Court for an award of sanctions in the form of reasonable expenses, including compensation for his time, incurred as a result of Defendant Midland Credit Management, Inc.'s ("Defendant") failure to timely serve its Rule 26(a)(1) Initial Disclosures by the Court-ordered deadline of June 30, 2025. In support thereof, Plaintiff states as follows:

## I. BACKGROUND

1. The Court's Scheduling Order set a deadline of June 30, 2025, for the parties to serve their Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), following the parties' Rule 26(f) conference.

2. Defendant failed to serve its Initial Disclosures by this deadline and provided no timely explanation for its noncompliance.

3. As a direct result of Defendant's delay, Plaintiff was compelled to expend significant time drafting a Motion to Compel, preparing related correspondence, and following up via email reminders to secure Defendant's compliance with the Federal Rules and the Court's deadlines.

4. Defendant ultimately served its Initial Disclosures on July 1, 2025 at 11:09 AM, but only after Plaintiff's efforts and under the imminent threat of court intervention.

## II. ARGUMENT

5. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a disclosure is provided only after a motion to compel is filed or threatened, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion,

1

including attorney's fees, unless the failure was substantially justified or other circumstances make an award unjust.

6. Plaintiff, although proceeding pro se, is entitled to recover reasonable costs and expenses incurred due to Defendant's failure to timely comply with its disclosure obligations. Courts recognize that the time of pro se litigants has value, particularly where the litigant must engage in substantive motion practice solely because of the opposing party's noncompliance. See Kay v. Ehrler, 499 U.S. 432, 438 n.5 (1991).

7. Plaintiff expended approximately two (2) hours drafting a Motion to Compel and follow-up correspondence regarding Defendant's failure to timely serve its Initial Disclosures. Plaintiff's time is an irreplaceable and valuable asset. As a pro se litigant pursuing complex federal statutory claims—including under the FDCPA, FCRA, and RICO—Plaintiff possesses unique, specialized knowledge of the facts, legal theories, and procedural posture of this case. Time devoted to compelling Defendant's compliance imposes a significant opportunity cost on Plaintiff's personal, professional, and litigation obligations.

8. Plaintiff reasonably values his time at $200 per hour, a rate consistent with the nature and complexity of the legal work involved. Thus, Plaintiff seeks compensation in the amount of $400 for the two hours expended solely due to Defendant's delay and noncompliance.

9. Defendant has offered no substantial justification for its untimely disclosures, and no circumstances exist that would render an award of costs unjust under Rule 37(a)(5).

## III. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Grant this Motion for Sanctions;

2. Order Defendant Midland Credit Management, Inc. to pay Plaintiff $400 as reasonable expenses incurred due to Defendant's failure to timely serve its Initial Disclosures; and

3. Award any further relief to which Plaintiff may be justly entitled.

Dated: July 2, 2025

Respectfully submitted,

_/s/ Phap Anh Le_
Phap Anh Le, *Pro Se*
13021 Dessau Rd, Lot 75
Austin, TX 78754
Phone: (737) 226-8701
Email: pro.se@phaple.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on June 30, 2025 at 11:42 PM, I conferred via email with Daniel Durell, counsel for Defendant Midland Credit Management, Inc., regarding Defendant's failure to timely serve its Initial Disclosures and the relief sought herein. Mr. Durell did not provide substantial justification for the delay. Therefore, this motion is submitted for the Court's consideration.

                                        /s/ Phap Anh Le
                                        Phap Anh Le, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2025, I electronically filed the foregoing Plaintiff's Motion for Sanctions and Recovery of Expenses with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        /s/ Phap Anh Le
                                        Phap Anh Le, *Pro Se*