IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PHAP ANH LE, § | |
|     *Plaintiff*, § | |
| v. § | |
| § | Case No.: 1:25-cv-870-ADA-SH |
| MIDLAND CREDIT MANAGEMENT, § | |
| INC., § | |
|     *Defendant*. § | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SANCTIONS AND RECOVERY OF EXPENSES

Defendant Midland Credit Management, Inc. ("MCM") files response to the Motion for Sanctions and Recovery of Expenses (ECF No. 10) filed by Plaintiff Phap Anh Lee, *pro se*, and respectfully shows the Court as follows:

#### SUMMARY OF RESPONSE

MCM served its Rule 26(a)(1)(A) initial disclosures on Plaintiff at 12:10 p.m. on July 1, 2025—14 days after the parties' Rule 26(f) conference but prior to finalizing written conference report. Plaintiff asserts that there was a "Court-ordered deadline of June 30, 2025" set by "the Court's Scheduling Order" for initial disclosures. Obviously, there was no such "Court-ordered deadline"—much less a scheduling order in place. But whether the deadline was June 30 or July 1 is immaterial. Plaintiff admits that he received MCM's initial disclosures less than 12 hours after the alleged June 30 deadline and two business days *before* Plaintiff's self-imposed July 3 deadline to provide the initial disclosures before he threatened to seek court intervention and sanctions.

One would think that would be the end of any discovery dispute. But instead Plaintiff filed the present Motion seeking to recover $400 in "reasonable expenses" under Federal Rule of Civil Procedure 37(a)(5)(A) for two hours he allegedly spent preparing a motion to compel—that he

1

never filed—apparently during the alleged 12-hour delay in service of initial disclosures. Why did he allegedly prepare a motion to compel when his good-faith attempt to avoid court intervention allowed MCM until July 3 to provide initial disclosures? No idea. But here we are.

MCM's counsel requested that Plaintiff withdraw the Motion, outlining a number of independent reasons why it lacked merit notwithstanding the Parties' disagreement about the due date of the initial disclosures, Plaintiff's factual misstatements, and Plaintiff's misrepresentations of legal authorities. These reasons included: (1) an award of expenses under Rule 37(a)(5)(A) requires that a Rule 37(a) motion to compel *actually* be filed; (2) failure of a good-faith effort to obtain compliance is required *before* seeking an award of expenses under Rule 37; and (3) *pro se* parties cannot be awarded "reasonable expenses" for their own time spent preparing discovery motions under Rule 37. MCM's counsel further urged Plaintiff to retain counsel to advise him on these matters so time wouldn't be wasted on this Response and this Court's consideration.

Plaintiff's response to these efforts was a threat to file bar grievances against MCM's counsel unless MCM paid him $77,777 to settle the grievances, the Motion, and the lawsuit. For the same reasons previously disclosed to Plaintiff, the Court should deny this meritless Motion.

## BACKGROUND

This is an alleged wrongful debt collection lawsuit that originated in small claims court. *See* ECF No. 1-1. On June 6, 2025, MCM removed the state court action based on federal-question jurisdiction. *See* ECF No. 1. On June 10, 2025, Plaintiff filed his First Amended Complaint asserting additional allegations and claims against MCM. *See* ECF No. 4.

**The Rule 26(f) Conference.** On June 17, 2025, the Parties conducted a Rule 26(f) conference by telephone. During the call, MCM's counsel initially agreed to serve Rule 26(a)(1)(A) initial disclosures on or before June 30, 2025, but Plaintiff indicated that he would be requesting leave to file a Second Amended Complaint. MCM's counsel additionally urged Plaintiff

to retain an attorney. After the conference, MCM's counsel circulated an initial draft of a Joint Federal of Civil Procedure 26 Report that required additional input from Plaintiff, along with a proposed scheduling order.

On June 19, 2025, Plaintiff provided a revised draft of the Joint Rule 26(f) Report that contained a number of additional unpled claims, along with the alleged joinder of MCM's parent corporation, that would purportedly be contained in a Second Amended Complaint to be finalized and filed on or before July 4, 2025. Plaintiff additionally revised many of the deadlines in the proposed scheduling order to "better align with the evolving nature and complexity of the claims and the upcoming addition of" MCM's parent company as a named party.

**The Second Amended Complaint.** While waiting to review the forthcoming Second Amended Complaint, MCM's counsel (1) obtained an agreed extension of its deadline to respond to the First Amended Complaint to July 7, 2025, *see* ECF No 8, (2) postponed review of the Rule 26(f) conference report and the proposed scheduling order, and (3) calendared July 1, 2025 as the deadline for MCM to provide Rule 26(a)(1)(A) initial disclosures under the default deadline provided by Rule 26(a)(1)(C) given the additional time needed to review the forthcoming Second Amended Complaint.

The underlying facts that allegedly supported the previously disclosed forthcoming claims—along with the joinder of MCM's parent corporation—remained undisclosed until Plaintiff provided a copy of the proposed Second Amended Complaint to MCM's counsel on June 25, 2025.[1] On June 30, 2025, Plaintiff conferred with MCM's counsel about whether MCM would agree to file a "Joint Motion for Leave to File Second Amended Complaint." MCM's counsel

---

[1] Plaintiff provided a settlement demand on June 23, 2025, that purported to enclose a Second Amended Complaint but there was no such enclosure. Within the demand itself, Plaintiff simply listed out claims he was going to assert without providing any detailed allegations that could support those claims.

3

carefully reviewed the Second Amended Complaint and responded the next day by notifying Plaintiff that MCM would not "join" the request but that Plaintiff could indicate in a certificate of conference that MCM did not oppose the requested relief and otherwise consented to the filing of the Second Amended Complaint. *See* ECF No. 11.

But before MCM's counsel could allocate the time to review Plaintiff's revisions to the Rule 26(f) conference report and proposed scheduling order in light of a detailed review of the Second Amended Complaint, Plaintiff set into motion the present discovery dispute.

**The Allegedly Overdue Disclosures.** At 12:42 a.m. on July 1, 2025, MCM's counsel received the following email from Plaintiff with the subject line of "Overdue Initial Disclosures":

> Dear Counsel,
>
> I write to follow up regarding your client's initial disclosures in the above-referenced matter. As you know, the deadline for serving initial disclosures under the Court's scheduling order was June 30, 2025.
>
> As of today's date, I have not received these disclosures.
>
> Please produce your client's complete initial disclosures no later than **July 3, 2025**, or two business days from the date of this email. If you believe there is any legitimate basis for delay, kindly notify me immediately so that we may address the issue without further court intervention.
>
> Absent receipt of the required disclosures or a reasonable explanation, I will be forced to seek relief from the Court, including potential sanctions under the Federal Rules.
>
> Thank you for your prompt attention to this matter.

*See* **Ex. A**. At 12:10 p.m. on July 1, 2025, MCM's counsel responded by simply serving Plaintiff with MCM's Rule 26(a)(1)(A) initial disclosures rather than debating an immaterial alleged 12-hour delay in the receipt of initial disclosures. *See* **Ex. A**.

**The Motion for Sanctions.** At 11:47 a.m. on July 2, 2025, Plaintiff filed a Motion for Sanctions and Recovery of Expenses under Rule 37(a)(5)(A) complaining that MCM failed to "timely serve its Rule 26(a)(1) Initial Disclosures by the Court-ordered deadline of June 30, 2025." *See* ECF No. 10 at 1. Plaintiff admits that MCM "served its Initial Disclosures on July 1, 2025,"

4

but contends that "[t]he Court's Scheduling Order set a deadline of June 30, 2025" to serve initial disclosures. *See* ECF No. 10 at 1. Of course, there is no such Scheduling Order.

Nevertheless, Plaintiff states that he was "compelled" by this alleged 12-hour delay "to expend significant time drafting a Motion to Compel, preparing related correspondence, and following up via email reminders to secure Defendant's compliance . . . ." *See* ECF No. 10 at 1. Plaintiff never filed a Motion to Compel. And, the only correspondence that MCM's counsel received about MCM's alleged failure to timely serve initial disclosures was the 12:42 a.m. email on July 1, 2025 quoted above that provided a July 3 deadline.

In the Motion, Plaintiff requests that this Court order MCM to pay him $400—or $200 per hour—for the two hours he allegedly spent "drafting a Motion to Compel and follow-up correspondence regarding [MCM's] failure to timely serve its Initial Disclosure." *See* ECF No. 10 at 2. Plaintiff's certificate of conference in the Motion provides:

> I hereby certify that on June 30, 2025 at 11:42 PM, I conferred via email with Daniel Durell, counsel for Defendant Midland Credit Management, Inc., regarding Defendant's failure to timely serve its Initial Disclosures and the relief sought herein. Mr. Durell did not provide substantial justification for the delay. Therefore, this motion is submitted for the Court's consideration.
>
> \_\_\_\_/s/ Phap Anh Le_____
> Phap Anh Le, *Pro Se*

ECF No. 10 at 3. Again, MCM's counsel only received the email from Plaintiff related to the allegedly overdue initial disclosures on July 1, 2025, at 12:42 a.m. central, which is attached as **Exhibit A** and quoted above.

**MCM's Request to Plaintiff to Withdraw the Motion.** Within an hour of receipt of the Motion, MCM's counsel requested that Plaintiff withdraw the Motion no later than July 7, 2025, notifying him that:

5

- there was no "Court-ordered deadline of June 30, 2025" as falsely stated in the Motion;

- there was no "Scheduling Order" in place as falsely stated in the Motion;

- no joint Rule 26(f) conference report had been finalized and signed with the pendency of the review of the Second Amended Complaint;

- As a result, MCM considered the initial disclosure deadline to be the default 14-day deadline—or July 1; and

- Plaintiff should read Federal Rule of Civil Procedure 11(b) prior to filing any additional papers given the Motion's misstatement of facts and misrepresented legal authorities.

*See* **Ex. B**. More importantly, MCM's counsel notified Plaintiff that—regardless of whether the deadline was June 30 or July 1—the Motion was inconsistent with Plaintiff's July 1, 2025 email providing until July 3 to provide initial disclosures before seeking court intervention. *See* **Ex. B.**

But Plaintiff refused to withdraw the Motion unless MCM agreed to "acknowledge the June 30 agreement and agree to cover the reasonable expenses necessitated by [MCM's] delay." *See* **Ex. C**. In a final effort to prevent wasting time on preparing this Response and the Court's consideration of the Motion, MCM's counsel outlined several reasons why Plaintiff could not obtain "reasonable expenses" under Rule 37(a)(5)(A), including:

- Sanctions under Rule 37(a)(5)(A) requires the actual *filing* of a motion to compel;

- Plaintiff inaccurately paraphrased Rule 37(a)(5)(A) by stating that sanctions can be ordered based on subsequent compliance with a "threatened" motion to compel;

- Rule 37(a)(1) requires a conference to attempt to obtain compliance without court intervention, Plaintiff's email provided MCM until "**July 3, 2025**" to comply with alleged non-disclosure before seeking court intervention, and MCM served initial disclosures the *same* day as Plaintiff's conference email; and

- Courts have consistently held that the time a *pro se* litigant spends making a motion is not included among the "reasonable expenses" contemplated by Rule 37.

*See* **Ex. D.** Once again, MCM's counsel urged Plaintiff to retain counsel to advise him on these matters instead of wasting the parties' time pursuing this meritless Motion.[2] *See* **Ex. D**.

**Plaintiff Threatens MCM's Counsel with a Bar Grievance**. But Plaintiff still refused to withdraw the Motion. Instead, Plaintiff responded with a settlement demand, stating that Plaintiff would file grievances with the State Bar of Texas against MCM's counsel if MCM did not agree to pay him $77,777 within 14 days, in settlement of his claims, the Motion, and the alleged bar grievances.[3] *See* **Ex. E**. Of course, if Plaintiff was a lawyer, then Plaintiff's threat would be a violation of Rule 4.04(b) of the Texas Rules of Professional Responsibility. *See* TEX. R. PROF'L RESP. 4.04(b) (prohibiting a lawyer from threatening to present disciplinary charges to gain advantage in a civil matter).

**The As-Filed Rule 26(f) Conference Report.** On July 7, 2025, the Parties completed and filed a Joint Federal of Civil Procedure 26 Report and proposed Scheduling Order. *See* ECF Nos. 12–13.

### ARGUMENT AND AUTHORITIES

Plaintiff relies entirely on Rule 37(a)(5)(A) in the Motion to support his request for "reasonable expenses." *See* Doc. 10 at 1. Rule 37(a)(5)(A) initially provides:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

---

[2] *See* TEX. R. PROF'L COND. 4.03 ("The lawyer shall not give legal advice to an unrepresented person, *other than the advice to secure counsel* . . . ." (emphasis added)).

[3] Like the Motion, the bar grievances also lack merit. Oddly, Plaintiff initially complains that MCM's counsel "made false statements of fact to the Court" by "denying or misrepresenting the existence of the June 30, 2025 agreement regarding initial disclosures" even though MCM's counsel hasn't made *any* statements to the Court about a June 30, 2025 agreement until this Response. **Ex. E**. Next, Plaintiff complains that MCM's counsel "threaten[ed] [Plaintiff] as a pro se litigant with baseless sanctions solely to harass or intimidate." **Ex. E**. But that's demonstrably false. *See* **Ex. B.** Finally, Plaintiff complains that MCM violated Rule 8.04 of the Texas Rules of Professional Conduct without providing any factual bases beyond conclusory allegations of purported misconduct. *See* **Ex. E**.

FED. R. CIV. P. 37(a)(5)(A). The relevant "motion" being referred to in Rule 37(a)(5)(A) is a motion to compel disclosure required by Rule 26(a). *See* FED. R. CIV. P. 37(a)(3)(A). The second portion of Rule 37(a)(5)(A) provides exceptions to court-ordered payment of a movant's reasonable expenses incurred in making the motion:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A)(i)–(iii). As shown by simply reading the plain language of Rule 37(a)(5)(A), the Motion clearly lacks merit regardless of whether the initial disclosure deadline was June 30 or July 1. The following arguments below assume for the sake of argument that the deadline was June 30 despite the absence of a binding stipulation in writing that is required by Rule 26(f) and Rule 29.[4] *See, e.g.*, *Riley v. Walgreen Co.*, 233 F.R.D. 496, 500 (S.D. Tex. 2005) (enforcing a discovery stipulation in a finalized and filed joint Rule 26(f) conference report under Rule 29).

**A.    Plaintiff never filed a Rule 37(a) motion to compel.**

Rule 37(a)(5)(A) unequivocally conditions a court's authority to award reasonable expenses to a movant on either (1) the Court granting a Rule 37(a) motion to compel, or (2) a non-movant's compliance with a discovery obligation *after* a Rule 37(a) motion to compel is filed. *See*

---

[4] To be clear—MCM does not dispute that June 30 was the Parties' initial deadline for initial disclosures agreed to *orally* during the telephonic Rule 26(f) conference. But Rule 26(f) and Rule 29 ultimately require the parties to reduce discovery stipulations to a written report that is jointly submitted to the Court. Receipt of Plaintiff's revisions to both the draft report and proposed scheduling order concerning an unfiled pleading made it clear that the written report could not be finalized and filed until there was sufficient time to review the unfiled pleading and respond accordingly. Absent an enforceable stipulation or court order, the default 14-day rule for initial disclosures applied. *See* FED. R. CIV. P. 26(a)(1)(C).

8

FED. R. CIV. P. 37(a)(5)(A). Under either scenario, a movant must have *filed* a Rule 37(a) motion to compel.

Yet, Plaintiff's falsely states in the Motion that Rule 37(a)(5)(A) "provides that if a disclosure is provided only after a motion to compel is filed *or threatened*, the Court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion." Doc. 10 at 1 (emphasis added). Plaintiff's misrepresentation that Rule 37(a)(5)(A) authorizes the Court to award reasonable expenses based merely on compliance after a motion to compel is "threatened" would render the good-faith conference requirements in Rule 37(a)(1) and 37(a)(5)(A)(iii) a nullity.

It is beyond dispute that Plaintiff has never filed a Rule 37(a) motion to compel. Plaintiff readily admits that MCM served its initial disclosures on July 1, 2025—the day *before* Plaintiff filed the instant Motion seeking reasonable expenses. *See* Doc. 10 at 1. For this reason alone, the Motion lacks merit and must be denied.

**B.    Plaintiff failed to engage in a good-faith attempt to obtain initial disclosures without court action.**

As noted above, a district court cannot award a movant reasonable expenses under Rule 37(a)(5)(A) if the movant files a Rule 37(a) motion to compel "before attempting in good faith to obtain the disclosure or discovery without court action." FED. R. CIV. P. 37(a)(5)(A)(i); *see also* FED. R. CIV. P. 37(a)(1) (same). Plaintiff's July 1, 2025 email demonstrates that Plaintiff clearly understood that he needed to confer with MCM to attempt to obtain the initial disclosures before seeking court intervention. *See* **Ex. A**. But Plaintiff's filing of the Motion on July 2, 2025, and failure to advise the Court in the Motion that he had provided MCM until July 3, 2025, to provide the initial disclosures confirms that Plaintiff had no intention to confer in "good faith" as required

9

by Rule 37(a) before seeking this Court's intervention that he never sought beyond requesting sanctions.

### C.   Plaintiff is not entitled to recover as "expenses incurred" for the alleged value of his time as a *pro se* party.

Citing *Kay v. Ehrler*, 499 U.S. 432, 438 n.5 (1991), Plaintiff advises the Court in the Motion that "Courts recognize that the time of pro se litigants has value, particularly where the litigant must in engage in substantive motion practice solely because of the opposing party's noncompliance." But the United States Supreme Court said nothing of the sort in *Kay*. The text accompanying footnote 5 in *Kay* states the opposite: "The Circuits are in agreement, however, on the proposition that a pro se litigant who is *not* a lawyer is *not* entitled to attorney's fees." *Kay*, 499 U.S. at 438 n.5 (emphasis in original).

In fact, courts have confirmed that a *pro se* litigant's time working on discovery does not constitute "expenses incurred" under Rule 37. *See, e.g.*, *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1374–75 (Fed. Cir. 2002); *see also Arias-Zeballos v. Tan,* No. 06-CV-1268, 2007 WL 1946542, at *1 (S.D.N.Y. June 27, 2007) ("[T]he time a pro se litigant spends making a motion is not included among the reasonable expenses contemplated by Fed. R. Civ. P. 37.").

### PRAYER

For these reasons, MCM respectfully requests that the Court deny the Motion. MCM further requests that the Court sanction Plaintiff for Plaintiff's bad-faith conduct outlined herein under its inherent power that includes an award of MCM's attorney's fees incurred in responding to this Motion and/or requiring Plaintiff to make a nominal monetary donation to the Volunteer Legal Services of Central Texas. MCM further requests all other relief, at law and in equity, to which it may be justly entitled.

                                   Respectfully submitted,

                                    */s/ Daniel Durell*
                                    Daniel Durell
                                    State Bar No. 24078450
                                    daniel.durell@troutman.com
                                    Christopher G. Garcia
                                    State Bar No. 24120840
                                    chris.garcia@troutman.com
                                    TROUTMAN PEPPER LOCKE LLP
                                    300 Colorado Street, Suite 2100
                                    Austin, Texas 78701
                                    Telephone: (512) 305-4700
                                    Facsimile: (512) 305-4800

                                **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

        I hereby certify that a true and correct copy of the foregoing document was served on this the 9th day of July, 2025, as indicated below to the following:

**Via CM/ECF**
Phap Anh Le
13021 Dessau Rd, Lot 75
Austin, TX 78754
Phone: (737) 226-8701
Email: pro.se@phaple.com
**Plaintiff, Pro Se**

                                    */s/ Daniel Durell*
                                    Daniel Durell

317176893v.1 622598/000354