# Durell, Daniel

| | |
|---|---|
| **From:** | Durell, Daniel |
| **Sent:** | Friday, July 4, 2025 9:20 AM |
| **To:** | pro.se |
| **Cc:** | Garcia, Chris; Blankenship, Denise |
| **Subject:** | RE: Case 1:25-cv-00870-ADA-SH Le v. Midland Credit Management, Inc. |

Mr. Le:

I'm not wasting any more time on this.  You're wrong.  **Once again, I request that you retain an attorney to properly advise you on these matters so that you can stop wasting my time, your own time, and the Court's time if you choose to continue to pursue your meritless motion.**

You can't obtain "reasonable expenses" under Rule 37(a)(5)(A):

- You state: "Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a disclosure is provided only after a motion to compel is filed ***or threatened*** . . . "  That's <u>not</u> what the Rule 37(a)(5)(A) provides.  You have misinformed the Court in your sanctions motion.  A motion to compel <u>must actually be filed</u>.  You never filed any such motion.  And, if you prepared one, you wasted your time.

- Rule 37(a)(1) requires you to confer to attempt to obtain any alleged non-compliance "in an effort to obtain it without court action."  You sent an email on July 1 requesting initial disclosures "no later than **July 3, 2025.**"  You received the initial disclosures the <u>same</u> morning you sent the request.  Why would you draft a motion to compel <u>before</u> your own imposed deadline in your conference email?

- Courts have consistently held that the time a *pro se* litigant spends making a motion is not included among the reasonable expenses contemplated by Rule 37.  The case you rely on, *Kay v. Ehrler*, has nothing to do with your request for fees.  In fact, it states that a pro se litigant that is actually an attorney <u>cannot</u> recover for the time incurred for pursuing a successful civil rights action.

**Daniel Durell**
Partner
**troutman pepper locke**
Direct: 512.305.4714
daniel.durell@troutman.com

---

**From:** pro.se <pro.se@phaple.com>
**Sent:** Friday, July 4, 2025 1:07 AM
**To:** Durell, Daniel <Daniel.Durell@troutman.com>; Garcia, Chris <Chris.Garcia@troutman.com>; Blankenship, Denise <Denise.Blankenship@troutman.com>; pro.se@phaple.com
**Subject:** RE: Case 1:25-cv-00870-ADA-SH Le v. Midland Credit Management, Inc.

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Mr. Durell,

Thank you for your email. I must respectfully, but firmly, disagree with your characterization of both the record and the statements in my Motion.

Your assertions are demonstrably inaccurate and directly contradicted by the record.

During our Rule 26(f) conference on June 17, you explicitly agreed that the parties would serve initial disclosures on or before June 30, 2025. The transcript from our recorded call confirms this beyond any doubt:

> **Mr. Durell:** "Yeah. And so here I put that we've agreed to serve initial disclosures on or before June 30th. Um, that's about two weeks from now."
> **Plaintiff:** "30th, 1, 2, 3, 4, 5, 7, 8. Okay. I'm fine. I mean, I got mine. I'm ready to send it to you soon, right after this meeting."
> **Mr. Durell:** "Okay. Yeah. Whatever you've got ready. And I, I can put mine again. Just usually just put about two weeks in there."
> **Plaintiff:** "Usually. So for, you gonna be at uh, 30, right? Say that again. So for you for gonna be on the 30?"
> **Mr. Durell:** "Yeah. On the 30th."
> **Plaintiff:** "Okay. So we agree on that for 30. Okay."

On June 25, 2025, at 4:30 p.m., I sent you my draft Second Amended Complaint for your review, fully consistent with our agreed schedule. You neither responded nor raised any objection, nor did you indicate in any way that the SAC would affect your agreement to the June 30 deadline for initial disclosures.

Your statement that there is "no Court-ordered deadline" fundamentally misses the point. We mutually set the June 30 date as our agreed deadline during the Rule 26(f) conference, which is entirely proper and binding under Federal Rule of Civil Procedure 26(f)(2). You cannot disclaim that agreement simply because you chose not to finalize the joint report or object in writing before the deadline passed.

Moreover, your subsequent actions confirm your awareness of these proceedings. You advised me on how to word the Certificate of Conference for my Unopposed Motion for Leave. On June 30, I emailed you seeking your joinder in that motion. Your decision to decline and instruct me to file

it as unopposed clearly indicated your awareness of the pending Second Amended Complaint and its relevance to our Rule 26(f) obligations.

I am disappointed that Midland Credit Management, Inc. failed to meet this agreed-upon deadline for initial disclosures. Defendant's delay forced me to prepare a motion to compel and related follow-up, consuming valuable time and resources.

I will consider whether withdrawing the Motion for Sanctions is the most efficient path forward and will notify you of my decision on or before July 7, 2025. In the meantime, please confirm whether you intend to oppose the relief requested in my pending Motion for Sanctions.

Regarding your Rule 11 warning, I take my obligations under Rule 11(b) very seriously. My Motion was filed in good faith and is firmly grounded in the record, including the explicit agreements reached during our Rule 26(f) conference and subsequent communications. If you persist in denying our June 30 agreement, I will consider that denial to be a statement made without reasonable inquiry into the facts, potentially implicating Rule 11(b).

I remain willing to resolve this matter without further litigation if Defendant will acknowledge the June 30 agreement and agree to cover the reasonable expenses necessitated by your delay.

Sincerely,

Phap Anh Le
13021 Dessau Rd, Lot 75
Austin, TX 78754
pro.se@phaple.com
737-226-8701

---

---- On Wed, 02 Jul 2025 16:56:13 -0600 **Durell, Daniel <Daniel.Durell@troutman.com>** wrote ---

> Mr. Le:
>
> You're mistaken that there is a scheduling order in place. There is no scheduling order in place. Nor has one been submitted to the Court. So, there is no "Court-ordered deadline" as you state in your Motion. As you very well know (or should know), you sent over revisions to the proposed scheduling order, and my client has not approved those revisions. Moreover, I have not yet approved of your revisions to the Rule 26(f) conference report because I had not seen the proposed Second

Amended Complaint that you said you were going to file until recently.  More importantly, I have not signed any Rule 26(f) conference report given that you have brought in new issues to the table, including the proposed joinder of another party.

But all of your inaccurate statements, misinterpretation of the applicable rules, and misstatement of case law aside, the default deadline for serving Rule 26(a) disclosures is 14 days after the parties' Rule 26(f) conference.  We conducted our Rule 26(f) conference on June 17.  I served MCM's initial disclosures on July 1—exactly 14 days after our conference.  In addition to the items pointed out above, that statements in your Motion are entirely inconsistent with your email dated July 1.

I request that you file a notice with the Court withdrawing your inaccurate and meritless "Motion for Sanctions and Recovery of Expenses" no later than July 7.  I also encourage you to read Rule 11(b) of the Federal Rules of Civil Procedure prior to filing any additional papers containing demonstrably false statements.

It's unfortunate that you have chosen this route after what I thought was a productive call on June 17 and what I thought would be a good working relationship.  On that point, I was the one that was clearly mistaken.

**Daniel Durell**
**Partner**
**troutman pepper locke**
Direct: 512.305.4714
daniel.durell@troutman.com

---

**From:** pro.se <pro.se@phaple.com>
**Sent:** Wednesday, July 2, 2025 5:01 PM
**To:** Durell, Daniel <Daniel.Durell@troutman.com>; Garcia, Chris <Chris.Garcia@troutman.com>; Blankenship, Denise <Denise.Blankenship@troutman.com>; pro.se <pro.se@phaple.com>
**Subject:** Case 1:25-cv-00870-ADA-SH Le v. Midland Credit Management, Inc.

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Hello,

Please find attached that was filed today in the above matter.

Thank you.

Phap Anh Le

Plaintiff, Pro Se
Email: pro.se@phaple.com
Phone: 737-226-8701

---

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.