**Durell, Daniel**

---

| | |
|---|---|
| **From:** | pro.se <pro.se@phaple.com> |
| **Sent:** | Monday, July 7, 2025 3:01 PM |
| **To:** | Durell, Daniel; Garcia, Chris; Blankenship, Denise; pro.se |
| **Subject:** | Rule 408 Settlement Offer — Le v. Midland Credit Management, Inc. (Case No. 1:25-cv-00870-ADA-SH) |
| **Attachments:** | BAR GRIEVANCE — Christopher G. Garcia .pdf; BAR GRIEVANCE — DANIEL DURELL.pdf |

> **CAUTION:** This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

Mr. Durell,

I write in good faith to propose a final private resolution of our disputes in the above-referenced matter.

As the record reflects, during our Rule 26(f) conference on June 17, 2025, we expressly agreed that both parties would serve initial disclosures on or before June 30, 2025. The transcript leaves no ambiguity. Below is the verbatim excerpt confirming this agreement:

> Mr. Durell: "Yeah. And so here I put that we've agreed to serve initial disclosures on or before June 30th. Um, that's about two weeks from now."
>
> Plaintiff: "30th, 1, 2, 3, 4, 5, 7, 8. Okay. I'm fine. I mean, I got mine. I'm ready to send it to you soon, right after this meeting."
>
> Mr. Durell: "Okay. Yeah. Whatever you've got ready. And I, I can put mine again. Just usually just put about two weeks in there."
>
> Plaintiff: "Usually. So for, you gonna be at uh, 30, right? Say that again. So for you for gonna be on the 30?"
>
> Mr. Durell: "Yeah. On the 30th."
>
> Plaintiff: "Okay. So we agree on that for 30. Okay."

Despite this clear agreement, Defendant failed to serve timely initial disclosures, compelling me to prepare motions for sanctions and to compel.

1

Your suggestion that my communications somehow excused this deadline is directly contradicted by the record.

Further, your recent threats under Rule 11 are unwarranted and have caused me significant distress and unnecessary expenditure of time and resources. My filings have been made in good faith and are firmly grounded in both the factual record and the Federal Rules of Civil Procedure.

I also want to emphasize that the RICO claims in this case carry significant potential damages — well beyond $100,000 — along with the risk of costly sanctions and adverse publicity for your client. My settlement offer of $77,777 reflects a substantial discount from what the case is truly worth. Accepting this offer now would save all parties the time, expense, and uncertainty of prolonged litigation.

Nonetheless, I remain willing to resolve this matter without further litigation. To that end, I am prepared to settle all claims — including those for sanctions, attorney's fees, emotional distress, and potential disciplinary grievances — for a total payment of $77,777, payable within 14 days of acceptance.

This offer is:

- Made strictly pursuant to Federal Rule of Evidence 408 and intended solely for settlement purposes; and
- Open until 5:00 PM on July 9, 2025.

Failing resolution, I intend to proceed with all available remedies, including filing my motions and pursuing bar grievances with the State Bar of Texas. Please understand that I am prepared to file two separate bar grievances regarding conduct that I believe violates the Texas Disciplinary Rules of Professional Conduct and reflects a pattern of improper practice by counsel and your firm. For transparency, I have attached a draft bar grievance reflecting the issues I believe warrant investigation should this dispute remain unresolved.

I sincerely hope that Midland Credit Management, Inc. and its counsel will seize this opportunity to resolve this matter amicably and avoid further proceedings.

Respectfully,

Phap Anh Le

13021 Dessau Rd, Lot 75
Austin, TX 78754
pro.se@phaple.com
(737) 226-8701

3

**BAR GRIEVANCE — Christopher G. Garcia**

**TO:**
Office of Chief Disciplinary Counsel
State Bar of Texas
P.O. Box 13287
Austin, Texas 78711
Fax: (512) 427-4315

**Complainant Information**
Phap Anh Le
13021 Dessau Rd, Lot 75
Austin, Texas 78754
pro.se@phaple.com
(737) 226-8701

**Respondent Information**
Christopher G. Garcia
State Bar No.: 24120840
Troutman Pepper Locke LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
chris.garcia@troutman.com
(512) 305-4700

## RE: Disciplinary Complaint Against Christopher G. Garcia

## Background / Statement of Facts

I, Phap Anh Le, am a pro se litigant in federal civil litigation pending in the United States District Court for the Western District of Texas, Austin Division, Case No. 1:25-cv-00870-ADA-SH, in which I am the Plaintiff and Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc. are Defendants.

Respondent Christopher G. Garcia is counsel of record representing MCM in this federal action.

On or about June 17, 2025, during a Rule 26(f) conference conducted via telephone, Mr. Daniel Durell and I explicitly agreed that both parties would serve initial disclosures on or before June 30, 2025. The following exchange was recorded during the call:

> Mr. Durell: "Yeah. And so here I put that we've agreed to serve initial disclosures on or before June 30th. Um, that's about two weeks from now."
> Plaintiff: "30th, 1, 2, 3, 4, 5, 7, 8. Okay. I'm fine. I mean, I got mine. I'm ready to send it to you soon, right after this meeting."
> Mr. Durell: "Okay. Yeah. Whatever you've got ready. And I, I can put mine again. Just usually just put about two weeks in there."
> Plaintiff: "Usually. So for, you gonna be at uh, 30, right? Say that again. So for you for gonna be on the 30?"
> Mr. Durell: "Yeah. On the 30th."
> Plaintiff: "Okay. So we agree on that for 30. Okay."

While the verbal statements regarding the June 30th deadline were made by Mr. Durell, Respondent Garcia, as co-counsel of record for MCM, was present during this conference and is equally responsible for compliance with agreements made therein.

On June 23, 2025, at 2:00 PM CST, I sent an email to Mr. Durell containing my Final Rule 408 Settlement Offer letter, explicitly referencing my forthcoming Second Amended Complaint containing RICO allegations, multi-state statutory violations, and complex factual issues.

At 2:16 PM CST the same day, Mr. Durell acknowledged receipt of my letter and specifically requested the Second Amended Complaint (SAC) for his client's review.

As agreed, on June 25, 2025, at 3:30 PM CST, I sent Mr. Durell the SAC in full for review.

Despite this knowledge, Respondent failed to serve Defendant's initial disclosures by the agreed June 30, 2025, deadline, in violation of both our agreement and Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Instead, co-counsel Mr. Durell subsequently claimed in written correspondence that there was "no court-ordered deadline" for initial disclosures, despite the clear record of our agreement.

In addition, co-counsel Mr. Durell threatened me with a motion for sanctions under Rule 11, asserting that my Motion for Sanctions was "meritless" and suggesting that I "retain an attorney to stop wasting [his] time." This conduct appears intended to intimidate me as a pro se litigant and to discourage the lawful pursuit of my claims.

In Defendant's draft court filings, Respondent, as co-counsel, falsely characterizes the record by asserting that I filed a "meritless" Motion for Sanctions and implying that I misrepresented facts to the Court, which is demonstrably false based on the recordings and written records available.

## Allegations of Misconduct

I believe that the conduct of Respondent violates the following provisions of the Texas Disciplinary Rules of Professional Conduct (TDRPC):

- **Rule 3.03 – Candor Toward the Tribunal**
  By denying or misrepresenting the existence of the June 30, 2025 agreement regarding initial disclosures, Respondent, as co-counsel, has made or failed to correct false statements of fact to the Court.

- **Rule 4.04 – Respect for Rights of Third Persons**
  By allowing or participating in threats against me as a pro se litigant with baseless sanctions, Respondent, as co-counsel, used means that have no substantial purpose other than to embarrass, delay, or burden.

- **Rule 8.04(a)(1), (a)(3), and (a)(8)**
  Engaging in conduct involving dishonesty, deceit, or misrepresentation; engaging in conduct prejudicial to the administration of justice; or violating disciplinary rules through conduct in representing a client.

## Relief Requested

Pursuant to Texas Rules of Disciplinary Procedure Rule 2.10, I respectfully request that the State Bar of Texas, Office of Chief Disciplinary Counsel, investigate this matter and impose appropriate discipline upon Respondent if violations of the TDRPC are confirmed.

I further request that the State Bar remind Respondent of the duty to deal honestly with pro se litigants, to refrain from intimidation or harassment, and to abide by agreements made under the Federal Rules of Civil Procedure.

I request that this complaint be treated as confidential pursuant to Texas Rules of Disciplinary Procedure Rule 2.16, unless and until a public disciplinary sanction is imposed.

## Attachments

- Email chain dated June 23 and June 25, 2025, confirming delivery of the Second Amended Complaint.

- Transcript excerpt of the Rule 26(f) conference held June 17, 2025, confirming the mutual June 30 deadline.

- Written correspondence from Mr. Durell denying the existence of the initial disclosure agreement.

Respectfully submitted,

/s/ Phap Anh Le
Phap Anh Le, Pro Se
13021 Dessau Rd, Lot 75

Austin, TX 78754
pro.se@phaple.com
(737) 226-8701
Dated: July 5, 2025

# BAR GRIEVANCE — DANIEL DURELL

**TO:**
Office of Chief Disciplinary Counsel
State Bar of Texas
P.O. Box 13287
Austin, Texas 78711
Fax: (512) 427-4315

**Complainant Information**
Phap Anh Le
13021 Dessau Rd, Lot 75
Austin, Texas 78754
pro.se@phaple.com
(737) 226-8701

**Respondent Information**
Daniel Durell
State Bar No.: 24078450
Troutman Pepper Locke LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
daniel.durell@troutman.com
(512) 305-4700

## RE: Disciplinary Complaint Against Daniel Durell

### Background / Statement of Facts

I, Phap Anh Le, am a pro se litigant in federal civil litigation pending in the United States District Court for the Western District of Texas, Austin Division, Case No. 1:25-cv-00870-ADA-SH, in which I am the Plaintiff and Midland Credit Management, Inc. ("MCM") and Encore Capital Group, Inc. are Defendants.

Respondent Daniel Durell is counsel of record representing MCM in this federal action.

On or about June 17, 2025, during a Rule 26(f) conference conducted via telephone, Mr. Durell and I explicitly agreed that both parties would serve initial disclosures on or before June 30, 2025. The following exchange was recorded during the call:

> Mr. Durell: "Yeah. And so here I put that we've agreed to serve initial disclosures on or before June 30th. Um, that's about two weeks from now."
>
> Plaintiff: "30th, 1, 2, 3, 4, 5, 7, 8. Okay. I'm fine. I mean, I got mine. I'm ready to send it to you soon, right after this meeting."
>
> Mr. Durell: "Okay. Yeah. Whatever you've got ready. And I, I can put mine again. Just usually just put about two weeks in there."
>
> Plaintiff: "Usually. So for, you gonna be at uh, 30, right? Say that again. So for you for gonna be on the 30?"
>
> Mr. Durell: "Yeah. On the 30th."
>
> Plaintiff: "Okay. So we agree on that for 30. Okay."

On June 23, 2025, at 2:00 PM CST, I sent an email to Mr. Durell containing my Final Rule 408 Settlement Offer letter, explicitly referencing my forthcoming Second Amended Complaint containing RICO allegations, multi-state statutory violations, and complex factual issues.

At 2:16 PM CST the same day, Mr. Durell acknowledged receipt of my letter and specifically requested the Second Amended Complaint (SAC) for his client's review.

As agreed, on June 25, 2025, at 3:30 PM CST, I sent Mr. Durell the SAC in full for review.

Despite this knowledge, Respondent failed to serve Defendant's initial disclosures by the agreed June 30, 2025 deadline, in violation of both our agreement and Rule 26(a)(1) of the Federal Rules of Civil Procedure.

Instead, Mr. Durell subsequently claimed in written correspondence that there was "no court-ordered deadline" for initial disclosures, despite the clear record of our agreement.

In addition, Respondent threatened me with a motion for sanctions under Rule 11, asserting that my Motion for Sanctions was "meritless" and suggesting that I "retain an attorney to stop wasting [his] time." This conduct appears intended to intimidate me as a pro se litigant and to discourage the lawful pursuit of my claims.

In Defendant's draft court filings, Respondent falsely characterizes the record by asserting that I filed a "meritless" Motion for Sanctions and implying that I misrepresented facts to the Court, which is demonstrably false given the recordings and written records available.

## Allegations of Misconduct

I believe that the conduct of Respondent violates the following provisions of the Texas Disciplinary Rules of Professional Conduct (TDRPC):

- **Rule 3.03 – Candor Toward the Tribunal**
  By denying or misrepresenting the existence of the June 30, 2025 agreement regarding initial disclosures, Respondent has made false statements of fact to the Court or has failed to correct false statements previously made.

- **Rule 4.04 – Respect for Rights of Third Persons**
  By threatening me as a pro se litigant with baseless sanctions solely to harass or intimidate, Respondent has used means that have no substantial purpose other than to embarrass, delay, or burden.

- **Rule 8.04(a)(1), (a)(3), and (a)(8)**
  Engaging in conduct involving dishonesty, deceit, or misrepresentation; engaging in conduct prejudicial to the administration of justice; or violating disciplinary rules through conduct in representing a client.

## Relief Requested

Pursuant to Texas Rules of Disciplinary Procedure Rule 2.10, I respectfully request that the State Bar of Texas, Office of Chief Disciplinary Counsel, investigate this matter and impose appropriate discipline upon Respondent if violations of the TDRPC are confirmed.

I further request that the State Bar remind Respondent of the duty to deal honestly with pro se litigants, to refrain from intimidation or harassment, and to abide by agreements made under the Federal Rules of Civil Procedure.

I request that this complaint be treated as confidential pursuant to Texas Rules of Disciplinary Procedure Rule 2.16, unless and until a public disciplinary sanction is imposed.

## Attachments

- Email chain dated June 23 and June 25, 2025, confirming delivery of the Second Amended Complaint.

- Transcript excerpt of the Rule 26(f) conference held June 17, 2025, confirming the mutual June 30 deadline.

- Written correspondence from Mr. Durell denying the existence of the initial disclosure agreement.

Respectfully submitted,

<u>/s/ Phap Anh Le</u>
Phap Anh Le, Pro Se
13021 Dessau Rd, Lot 75
Austin, TX 78754
pro.se@phaple.com
(737) 226-8701
Dated: July 5, 2025
