IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PHAP ANH LE, § | |
|     Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:25-cv-870-ADA-SH |
| MIDLAND CREDIT § | |
| MANAGEMENT, INC., § | |
|     Defendant. § | |

**PLAINTIFF'S SUPPLEMENTAL FILING IN SUPPORT OF MOTION FOR SANCTIONS**

TO THE HONORABLE COURT:

Plaintiff Phap Anh Le respectfully files this Supplemental Filing to provide the Court with critical new facts that further support his pending Motion for Sanctions (ECF No. 10). These facts reveal a **repeated and escalating pattern of Defendant Midland Credit Management, Inc.'s ("MCM") disregard for judicial orders, agreed deadlines, and the orderly administration of justice.**

### I. PROCEDURAL BACKGROUND

1. On June 6, 2025, Defendant Midland Credit Management, Inc. filed its Notice of Removal (ECF No. 1), removing this case from Justice Court.
2. On June 11, 2025, the Honorable Judge Alan D. Albright issued an Order (ECF No. 6) specifically directing the removing party (Defendant MCM) to "within ten (10) days from the date of this order supplement the record with state court pleadings." This established a deadline of **June 21, 2025**, for Defendant to comply with a direct judicial order.
3. On June 17, 2025, during the parties' Rule 26(f) conference, Defendant's counsel, Mr. Daniel Durell, expressly agreed that the parties would exchange initial disclosures by June 30, 2025. This agreement is reflected in the transcript of that conference and was a clear, mutual commitment.
4. Defendant failed to serve its Rule 26(a)(1) initial disclosures by the agreed June 30, 2025, deadline, necessitating Plaintiff's Motion for Sanctions filed on July 2, 2025 (ECF No. 10). Defendant's Opposition (ECF No. 14) disputed the existence of any binding agreement despite Mr. Durell's recorded statements to the contrary.
5. Separately, on June 27, 2025, Plaintiff granted Defendant an extension until July 7, 2025, to file its Answer or other responsive pleading to Plaintiff's First Amended Complaint.
6. As of the date of this Supplemental Filing, **July 11, 2025**, Defendant has failed to file:
    - The state court pleadings as ordered by the Court on June 11, 2025 (due June 21, 2025).
    - Any Answer or responsive pleading to the First Amended Complaint (due July 7, 2025).
    - No motion for extension of time regarding either of these two overdue obligations has been filed, and Defendant remains in default of both obligations.

7. Defendant's counsel, Mr. Daniel Durell, was actively engaged in this case on or after the July 7, 2025 deadline. His declaration in support of Defendant's Opposition (ECF No. 14-1) was executed on **July 8, 2025**, demonstrating his awareness of and active work on this case despite his failure to file the overdue Answer.

## II. ARGUMENT

A. Defendant's Repeated Defaults and Disregard for Judicial Order Establish a Pattern of Bad Faith Defendant's conduct now constitutes **three distinct, undisputed instances of non-compliance** within a short period since removal:

1. Failure to supplement state court pleadings as directly ordered by Judge Albright (due June 21, 2025).
2. Failure to serve initial disclosures by the agreed deadline (due June 30, 2025).
3. Failure to file an Answer to the First Amended Complaint by the extended deadline (due July 7, 2025).

This is not a series of isolated oversights; it is a clear, escalating pattern of disregard for both agreed-upon deadlines and direct judicial orders. Courts in this Circuit recognize that repeated failures to comply with deadlines and orders signal bad faith and warrant sanctions. See Chavez v. City of San Antonio, 2017 WL 3034080, at *3 (W.D. Tex. July 17, 2017) ("Multiple failures to comply with deadlines can support sanctions, even where individual infractions might otherwise be excused."). Disobedience of direct court orders is particularly egregious.

Defendant's counsel's conduct exemplifies bad faith litigation tactics. Plaintiff granted Defendant a courtesy extension to July 7, 2025, for filing an Answer or other responsive pleading to Plaintiff's First Amended Complaint. Rather than using that time for its intended purpose—complying with fundamental pleading obligations—Defendant instead exploited Plaintiff's good faith to draft an Opposition to Plaintiff's Motion for Sanctions, including a request to sanction Plaintiff in retaliation. Defendant's counsel even executed his Declaration in support of that Opposition on July 8, 2025, the day after the extended Answer deadline expired.

This demonstrates that Defendant was actively engaged in the litigation, fully aware of its obligations, yet consciously prioritized tactical maneuvering over compliance. Such gamesmanship underscores Defendant's pattern of bad faith and intentional delay, and further supports Plaintiff's request for enhanced sanctions.

Defendant's conduct demonstrates:

- A systemic failure to honor its litigation obligations and respect the Court's authority.
- Prejudice to Plaintiff, who has been forced to prepare filings and strategy based on deadlines and orders MCM then ignores.
- Intentional delay and the multiplication of proceedings.

B. The Supplemental Defaults Significantly Strengthen Plaintiff's Sanctions Motion Defendant's accumulating procedural defaults directly and overwhelmingly reinforce Plaintiff's pending Motion for Sanctions. It confirms that Defendant's prior non-compliance was not accidental, but part of a broader,

systemic pattern of disregard for the Rules and judicial authority. This Supplemental Filing places the Court on clear notice that Defendant's conduct is not limited to discovery but extends to fundamental pleading obligations and direct orders from the Court. Such repeated and compounding disregard for deadlines and orders warrants enhanced sanctions to deter future misconduct and to protect the integrity of these proceedings.

### III. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Take judicial notice of Defendant's three distinct defaults: (a) failure to supplement state court pleadings by June 21, 2025, as ordered; (b) failure to serve initial disclosures by June 30, 2025; and (c) failure to answer Plaintiff's First Amended Complaint by July 7, 2025.
2. Consider this comprehensive pattern of procedural defaults in ruling on Plaintiff's pending Motion for Sanctions (ECF No. 10).
3. Grant Plaintiff's Motion for Sanctions, and impose enhanced remedies under Fed. R. Civ. P. 37(a)(5)(A) and/or the Court's inherent authority, including:
    - An award of reasonable expenses incurred in preparing the Motion for Sanctions, the Reply, and this Supplemental Filing.
    - An express warning that further non-compliance with Court orders or deadlines will result in more severe sanctions, including preclusion of evidence, striking of pleadings, or entry of default judgment.
    - Nothing in this Order shall preclude Plaintiff from seeking further relief, including default judgment, should Defendant fail to comply with future deadlines or cure existing defaults.

Respectfully submitted,

_____/s/ Phap Anh Le_____

Phap Anh Le, Plaintiff, Pro Se

13021 Dessau Rd, Lot 75

Austin, TX 78754

Email: pro.se@phaple.com

Tel: (737) 226-8701

Date: July 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on this the 11th day of July, 2025, as indicated below to the following:

Via CM/ECF

Daniel Durell – daniel.durell@troutman.com

Christopher G. Garcia – chris.garcia@troutman.com

TROUTMAN PEPPER LOCKE LLP

300 Colorado Street, Suite 2100

Austin, TX 78701

ATTORNEYS FOR DEFENDANT

                                               /s/ Phap Anh Le

                                               Phap Anh Le, Pro Se