# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| PHAP ANH LE, *Plaintiff* | § § § | |
| v. | § § | Case No. 1:25-cv-00870-ADA-SH |
| MIDLAND CREDIT MANAGEMENT, INC., *Defendant* | § § § § | |

## ORDER

Now before the Court are Plaintiff Phap Anh Le's Motion for Sanctions and Recovery of Expenses (Dkt. 10) and Unopposed Motion for Leave to File Second Amended Complaint (Dkt. 11), both filed July 2, 2025; Supplemental Filing in Support of Motion for Sanctions (Dkt. 15) and Request for Clerk's Entry of Default (Dkt. 16), both filed July 11, 2025; Defendant Midland Credit Management, Inc.'s responses in opposition to Plaintiff's motions (Dkts. 14, 17, and 18); and Plaintiff's reply (Dkt. 19).[1]

### I. Motion to Amend

The Court **GRANTS** Plaintiff's Unopposed Motion for Leave to File Second Amended Complaint (Dkt. 11) and **ORDERS** the Clerk to file his Second Amended Complaint (Dkt. 11-2) on the docket of this case.

### II. Motions for Sanctions and Entry of Default

For the reasons ably explained by Defendant, the Court **DENIES** as frivolous and harassing Plaintiff's Motion for Sanctions and Recovery of Expenses (Dkt. 10), Supplemental Filing in Support of Motion for Sanctions (Dkt. 15), and Request for Clerk's Entry of Default (Dkt. 16).

---

[1] The District Court referred this case to this Magistrate Judge pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Magistrate Referral Standing Order for United States District Alan D Albright. Dkt. 5.

One acting *pro se* "has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Like all other parties, *pro se* litigants have a responsibility to cooperate in discovery and must "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014) (citation omitted).

The Court **ADMONISHES** Plaintiff to immediately cease filing duplicative, harassing, and meritless motions. Otherwise, the Court may impose appropriate sanctions, including an award of defense counsel's fees and a pre-filing bar requiring Plaintiff to seek and receive permission from the Court before filing any future motions. *See, e.g.*, *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 190 (5th Cir. 2008) ("Federal courts have the power to enjoin plaintiffs from future filings when those plaintiffs consistently abuse the court system and harass their opponents."); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991) (stating that pro se plaintiff's "wasting of increasingly scarce judicial resources must be brought to an end").

**IT IS SO ORDERED.**

**SIGNED** on July 15, 2025.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE