IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| PHAP ANH LE, § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | Civil Action No. 1:25-cv-00870-ADA-SH |
| MIDLAND CREDIT § | |
| MANAGEMENT, INC., and § | |
| ENCORE CAPITAL GROUP, INC., § | |
| Defendants. § | |

# PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANT ENCORE CAPITAL GROUP, INC.'S MOTION TO DISMISS

    Plaintiff Phap Anh Le, pro se, respectfully submits this Sur-Reply to address new arguments and misrepresentations raised for the first time in Defendant Encore Capital Group, Inc.'s Reply (ECF 38). Because Encore's Reply introduces new factual assertions, new legal theories, and disputes the authenticity and meaning of its own SEC filings, this Sur-Reply is necessary to correct the record and prevent prejudice.

## I. ENCORE'S REPLY MISREPRESENTS ITS OWN SEC FILINGS AND CORPORATE STRUCTURE

    Encore's Reply (ECF 38) argues that it is a "passive holding company" with no involvement in MCM's debt-collection operations. This is false and is directly contradicted by Encore's sworn SEC filings.

Encore's Form 10-K, Note 1, states:

"Encore Capital Group, Inc. ('Encore'), through its subsidiaries (collectively with Encore, the 'Company'), is an international specialty finance company providing debt recovery solutions….
The Company purchases portfolios of defaulted consumer receivables… and **manages them by working with individuals as they repay their obligations**….
Through Midland Credit Management, Inc. and its domestic affiliates (collectively, 'MCM'), the Company is a **market leader** in portfolio purchasing and recovery in the United States.
**These are the Company's primary operations.**"

These admissions defeat Encore's position in its Motion to Dismiss and Reply.

1

## A. Encore Is Not a Passive Investor — It Directly Operates and Controls MCM

Encore admits in its own 10-K that it:

- Manages and directs debt-recovery operations
- Purchases and owns portfolios of defaulted consumer receivables
- Oversees and controls repayment and collection activities
- Engages in the exact conduct described in Plaintiff's complaint
- Identifies MCM as its **primary U.S. operating business**

This is not corporate separateness.
**This is operational unity.**

## B. Encore's Reply Contradicts Its 10-K — Judicial Estoppel Applies

Encore cannot:

- Tell the SEC that MCM is part of the Company's "primary operations,"
**and then**
- Tell this Court that Encore has nothing to do with MCM's debt-collection activities.

This is judicial estoppel.
*See* **New Hampshire v. Maine**, 532 U.S. 742, 749–51 (2001).

Encore's litigation position is incompatible with its sworn SEC reporting.

# II. ENCORE WAIVED ANY SERVICE OBJECTION BY VOLUNTARILY APPEARING AND LITIGATING THE MERITS

Encore's Reply again suggests service defects, but any such objection is legally waived.

## A. Encore Filed a Rule 12(b)(6) Merits Motion (ECF 35)

A defendant who seeks affirmative relief on the merits waives service objections.

The Fifth Circuit is clear:

"Defect in service is waived when the defendant seeks affirmative relief."
**Broadcast Music, Inc. v. M.T.S. Enters., 811 F.2d 278, 281 (5th Cir. 1987).**

### B. Encore Then Filed a Detailed Merits Reply (ECF 38)

Encore continues to litigate fully on the merits.
No Rule 12(b)(5) motion exists.
No Rule 12(h)(1) reservation exists.

**Service challenges are waived as a matter of law.**

*Footnote:* Encore's filings constitute a general appearance.

## III. ENCORE'S CLAIM THAT IT IS NOT INVOLVED IN CREDIT REPORTING IS REFUTED BY ITS OWN BUSINESS MODEL

Encore's 10-K identifies an enterprise-wide strategy involving:

- Debt purchasing
- Debt servicing
- Credit reporting
- Recovery operations
- Centralized legal and compliance oversight

Encore supervises, directs, and profits from the conduct challenged in the complaint.

Federal courts recognize parent-company liability where the parent:

- Controls operations
- Dictates policies
- Sets compliance rules
- Oversees litigation
- Consolidates revenue

Encore's own auditors confirm this operational model.

## IV. ENCORE'S REPLY IMPROPERLY RAISES NEW ARGUMENTS

Encore introduces for the first time:

- New claims of "corporate separateness"
- New factual assertions about internal structure
- New claims about being "passive"

3

• New interpretations of the SEC filings
• A brand-new argument that Encore "does not collect debts"

None of these appear in ECF 35.
A Reply cannot introduce new arguments.
Courts in this District routinely allow sur-replies for this reason.

# V. PLAINTIFF'S CLAIMS AGAINST ENCORE ARE PROPERLY PLED

## A. FDCPA and FCRA Liability

Encore's admitted control over MCM establishes:

• Direct liability
• Agency liability
• Vicarious liability
• Participation liability
• Ratification liability

## B. RICO Enterprise Allegations

Encore and MCM operate as an association-in-fact enterprise under *Boyle*.

Encore's 10-K confirms:

• Common purpose
• Hierarchical control
• Coordinated conduct
• Centralized oversight
• Shared profits
• Shared compliance and legal operations

This satisfies both the enterprise and pattern elements.

# VI. AT MINIMUM, PLAINTIFF IS ENTITLED TO LEAVE TO AMEND

If any deficiency is found, Rule 15(a)(2) requires leave to amend, especially where:

4

- Plaintiff is pro se
- Discovery has not begun
- Amendment would cure any issue
- Defendant raised new theories in its Reply

Dismissal with prejudice would be improper.

# VII. CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court:

1. Reject the new arguments in Encore's Reply (ECF 38);
2. Deny Encore's Motion to Dismiss (ECF 35) in full;
3. Alternatively, grant leave to amend.

Respectfully submitted,

 /s/ **Phap Anh Le** 
Plaintiff, Pro Se
13021 Dessau Rd, Lot 75
Austin, TX 78754
pro.se@phaple.com
(737) 226-8701
Date: December 5, 2025

# CERTIFICATE OF SERVICE

A true and correct copy was served via CM/ECF on December 5, 2025.

 */s/ Phap Anh Le* 
Phap Anh Le, Pro Se