IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PHAP ANH LE, | § | |
|      *Plaintiff*, | § | |
| v. | § | |
| | § | |
| MIDLAND CREDIT MANAGEMENT, | § | Case No.: 1:25-cv-870-ADA-SH |
| INC. AND ENCORE CAPITAL GROUP, | § | |
| INC, | § | |
|      *Defendants*. | § | |

**DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL COMPLETE ACCOUNT RECORDS AND FOR RULE 37 RELIEF**

The Court should deny Plaintiff Phap Anh Le's Motion to Compel Complete Account Records and for Rule 37 Relief (ECF No. 43) because (1) Plaintiff failed to comply with Western District of Texas Local Rule CV-26(a), and (2) the Motion otherwise lacks merit.

**A.      Plaintiff failed to comply with Local Rule CV-26.**

Federal Rule 37(a) generally authorizes a party to move for an order compelling disclosure or discovery. *See* Fed. R. Civ. P. 37(a). Local Rule CV-26(a) requires a movant seeking relief under Rule 37 to attach "copies of the portions of the interrogatories, requests, answers or responses in dispute." W.D. Tex. Loc. R. CV-26(a). Plaintiff failed to do so. *See* ECF No. 43. Plaintiff's failure to comply with Local Rule CV-26(a) requires the Court to deny the Motion. *See Emesowum v. Zeldes,* No. SA-15-CV-831-XR, 2016 WL 3579232, at *11 (W.D. Tex. June 27, 2016), *aff'd*, 697 F. App'x 386 (5th Cir. 2017) (denying Rule 37 motion when movant "failed to comply with the Court's local rule and provide a copy of the responses").

1

**B.    Plaintiff has repeatedly failed to comply with the Federal Rules of Civil Procedure.**

The Court has already admonished Plaintiff that—even as a *pro se* litigant—he "ha[s]  a responsibility to cooperate in discovery and must 'abide by the rules that govern the federal courts.'" ECF No. 20 at 2 (quoting *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 485 (5th Cir. 2014)). However, Plaintiff has *repeatedly* ignored the Court's warning. On at least three separate occasions, Plaintiff has filed briefs with this Court that cite to non-existent legal authorities or quote non-existent quotations in purported support of his arguments in violation of the Federal Rules of Civil Procedure.[1] *See* FED. R. CIV. P. 11(b). In the present Motion, he has now misrepresented to the Court the content of Defendant Midland Credit Management, Inc. responses to his discovery requests.

Plaintiff contends that Defendant violated Rule 34(b)(2)(C) because "Defendant asserted no objections, no privilege, and no claim of loss or destruction" in response to a production request that he fails to detail—much less provide to the Court. *See* ECF No. 43 at 2. This statement is patently false. Defendant stated with specificity the grounds for objecting to the relevant requests, including the reasons, in addition to providing producing statements that identified the specific limitations of Defendant's searches of responsive documents that corresponded with the specific objections that Defendant lodged. But, it is not Defendant's obligation to furnish those responses. That obligation falls squarely on Plaintiff. *See* W.D. TEX. LOC. R. CV-26(a).

---

[1] *See* ECF No. 38 (identifying several nonexistent cases and nonexistent quotations contained within Plaintiff's Response to Defendant Encore Capital Group, Inc.'s Motion to Dismiss, ECF No. 36); ECF No. 42 at 5 (identifying a nonexistent quotation within Plaintiff's Objection to the Report and Recommendation of the United States Magistrate Judge, ECF No. 37). Plaintiff continued this troubling trend in his Motion for Leave to File Sur-Reply to Defendant Encore Capital Group, Inc.'s Reply (ECF No. 41). Therein, Plaintiff failed to mention—much less address—his previous use of fabricated quotations and legal authorities. Instead, Plaintiff doubled down and cited the Court to *another* fabricated legal authority: "*De La Rosa v. City of San Antonio*, No. SA-16-CV-0295-DAE, 2017 WL 1048125, at *5 (W.D. Tex. Mar. 17, 2017)." *See* ECF No. 41 at 1. The Westlaw citation of 2017 WL 1048125 returns: *Commonwealth v. Williams*, 81 N.E.3d 825 (Mass. App. Ct. 2017). And none of the case numbers ending with "16-CV-0295" filed in the Western District of Texas concern a case between "De La Rosa v. City of San Antonio."

Plaintiff further argues that "the complete account file, Master Purchase Agreement, Bill of Sale, and associated transfer records are discoverable as foundational evidence of ownership and standing." *See* ECF No. 43 at 3. Once again, Plaintiff fails to identify (1) the specific discovery request that he contends requested this information, (2) Defendant's response, or (3) why "ownership and standing" has any relevance to any of *his* claims.

### PRAYER

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion and, after providing Plaintiff with an opportunity to be heard, award Defendant its reasonable attorney's fees incurred in opposing the Motion. Defendant further prays that the Court grant all other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Daniel Durell*
Daniel Durell
State Bar No. 24078450
daniel.durell@troutman.com
TROUTMAN PEPPER LOCKE LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on this the 29th day of December 2025, as indicated below to the following:

**Via CM/ECF**
Phap Anh Le
13021 Dessau Rd, Lot 75
Austin, TX 78754
Phone: (737) 226-8701
Email: pro.se@phaple.com
**Plaintiff, Pro Se**

*/s/ Daniel Durell*
Counsel for Defendant